2011-1378 ADAIR v. CARTER 2011-1378 ADAIR v. CARTER The panel has read the briefs from the related ADAIR case. The panel's aware of the oral argument, which we have and can listen to. So in light of the similarities between these two cases, there's perhaps not much more to add. And I would just encourage you, if you don't have anything to add to what has been already argued, there's no need to re-argue. If there is something specific to this case that you want to focus on or point us to, that's perfectly fine. But there is certainly no need to repeat anything that has already transpired. So with that, Ms. Trujillo, good morning. You may proceed. OK, thank you. We will not be offended if you have nothing to add. But if you do, we will be happy to listen. Thank you. May it please the Court. I represent the party ADAIR. And in light of the similarity between the two cases and what came before, I would just like to emphasize some things that we may not have emphasized during the previous oral argument. One of the issues that was raised was timeliness and that ADAIR was late and that the statute required ADAIR to have the claim or provoke the interference, it seemed, within the one-year time frame. And we just wanted to emphasize that the statute only requires that a claim to substantially the same subject matter be made within that one-year time period, not that the interference be provoked. And ADAIR maintains that they were not late because an exception to that has been recognized, that if you had a claim to substantially the same subject matter earlier on, that you can rely on that claim. And so ADAIR just wanted to make the point that although technically the provocation of the interference was outside of the one-year date, precedent from as early as the 1930s allows ADAIR to rely on a claim that was earlier present in the prosecution. And that's what ADAIR was relying upon, those claims that were originally filed 13 years earlier. And I think that's probably just about it. Very good. Ash, do you have anything new and exciting to add? I'd just like to, well, may it please the court, I'd just like to very briefly address the point that was raised by Ms. Trujillo. 135B acts as a bar to interferences that arise in the first instance after the critical date. In this case, the Patent Office had no basis whatsoever to declare any interference between Carter and ADAIR because ADAIR did not have a patentable claim to it during the critical period. There was no basis for an interference. And the arguments that ADAIR has advanced before the court and before the board reinforce this conclusion. Specifically, ADAIR has maintained that it would have been futile to advance an interference, excuse me, on those pre-critical date claims because those pre-critical date claims were not patentable to it. Therefore, there was no basis. The first time the basis for an interference arose was when ADAIR finally presented a patentable claim that interfered with Carter's patent five years after the critical date. Thank you. Thank you. Ms. Trujillo? Any response to that brief but precisely stated argument? As we've maintained, patentability is not a requirement under 135B. And the fact that the claim, the reason that the interference wasn't declared earlier was not because the earlier claims were not deemed to be patentable. Those claims, I believe, were probably canceled before the Carter claims were present. And patentability has not been a requirement under 135B. The board recognized that the second time around, recognized that we can rely on canceled claims. So there's not a requirement of patentability. You have to have a patentable claim to get into the interference. But if we were able to amend the claim now to make it patentable, we would have been able to do that earlier on had the patent office recognized the similarity in the subject matter and asked us to move forward at that time. Very good. Thank both counsel. The case is submitted. That concludes our argument at this point. All rise. The Honorable Court is adjourned from day today.